IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENRY DIXON,<br><br>　　　　　　　Petitioner,<br><br>　vs.<br><br>JAMES A. YATES,<br><br>　　　　　　　Respondent. | Case No. 2:09-cv-00513-JKS<br><br>ORDER |

　　　　Petitioner, Clarence Dixon, a state petitioner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  After reviewing the record, this Court observes that no state court has ever addressed the nature and extent of the alleged threats made by Dixon's counsel.  In his petition to this Court, Dixon does not provide any details concerning the nature and degree of the conflict.  In this case, although it was in the context of a motion for a new trial, Dixon did alert the trial court that his attorney had made "threatening remarks" to him.  When the court began to discuss the alleged threats by counsel, the prosecutor said, "And if this is approaching *Marsden* or attorney-client stuff, I would want to make sure I'm not here."[1]  The trial court responded, "Right, Right," and Dixon said, "Yes.  Um–" before he was cut off by the court.  Although he did not explicitly ask for a new attorney, if Dixon's attorney actually did make improper, threatening remarks toward Dixon, then Dixon would be entitled to a new

---

　　　[1] Reporter's Transcript on Appeal, Vol. I, p. 144.

1

attorney because a conflict of this nature would more likely than not represent a constrictive denial of counsel.[2]

An evidentiary hearing on a habeas corpus petition is required whenever a petitioner's allegations, if proved, would entitle him to relief, and no state court trier of fact has, after a full and fair hearing, reliably found the relevant facts.[3]  However, in this case, Dixon has not informed the court of the nature and degree of the conflict.  Accordingly, the Court will order supplemental briefing on the matter and, if necessary, order an evidentiary hearing.

**IT IS HEREBY ORDERED THAT** no later than December 27, 2010, the Petitioner, Clarence Dixon, shall submit an affidavit detailing precisely what he contends the dispute with his counsel involved and what, if any, threats were made.  The Respondent shall respond to Dixon's supplemental memorandum no later than January 31, 2011.  At that time, the Court will review the parties' briefs and, if necessary, set an evidentiary hearing on the matter.

Dated: October 26, 2010

/s/ James K. Singleton, Jr.

**JAMES K. SINGLETON, JR.**
United States District Judge

---

[2]  *United States v. Williams,* 594 F.2d 1258, 1260 (9th Cir.1979) (in a direct appeal case, holding an "irreconcilable conflict" existed in an attorney-client relationship described as "a stormy one with quarrels, bad language, threats, and counter-threats."); *See, e.g.*, *United States v. Moore*, 159 F.3d 1154, 1159 (9th Cir.1998) (in a direct appeal case, holding an "irreconcilable conflict" existed where counsel failed to communicate important information to the defendant, failed to investigate the case or prepare for trial, and where the defendant threatened to sue counsel for malpractice and the defendant felt physically threatened by counsel).

[3]  *Schell v. Witek*, 218 F.3d 1017, 1027 (9th Cir. 2000).