IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENRY DIXON,<br><br>                    Petitioner,<br><br>     vs.<br><br>JAMES A. YATES,<br><br>                    Respondent. | Case No. 2:09-cv-00513-JKS<br><br><br>ORDER |

      Petitioner, Clarence Dixon, a state petitioner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Dixon alleges, *inter alia*, that a complete breakdown in communication between he and his attorney denied him the effective assistance of counsel.  Dixon argues that the breakdown lead to serious threats by his counsel, toward Dixon.  After reviewing the record, this Court observed that no state court ever addressed the nature and extent of the alleged threats made by Dixon's counsel.  Accordingly, this Court ordered Dixon to submit an affidavit no later than December 27, 2010, detailing precisely what he contends the dispute with his counsel involved and what, if any, threats were made.[1]  The Respondent was to respond to Dixon's supplemental memorandum no later than January 31, 2011.

      This Court never received a filing from Dixon and on March 24, 2011, entered a Memorandum Decision denying Dixon's claims in their entirety.  On March 28, 2011, Dixon

---

[1] Docket No. 36.

1

filed a Motion for Entry of Default,[2] alleging that the Respondent had failed to reply to his supplemental memorandum and claiming that he was entitled to judgment.  However, as noted, this Court, and apparently, the Respondent, never received a supplemental memorandum from Dixon.  Construing Dixon's motion at Docket No. 39 liberally, this Court will treat the motion as a Motion to Reconsider this Court's Memorandum Decision, filed pursuant to Federal Rule of Civil Procedure 59(e).[3]  Dixon will be given an opportunity to re-file his original affidavit, along with proof that it was timely filed to begin with.[4]  In order to assist this Court in developing a full and fair record, Dixon should also include a memorandum detailing what threats allegedly were made, the effect the threats had on his relationship with his counsel, and how they affected counsel's ability to adequately represent him.  Dixon should also note when this conflict arose.[5]

On April 4, 2011, the Supreme Court decided *Cullen v. Pinholster*, holding: "Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[6]  This holding effects if and when a federal court sitting in a habeas case can hold an evidentiary hearing.  In *Schell v. Witek*, 218 F.3d 1017 (9th Cir. 2000) the Ninth Circuit held that when the state court fails to investigate the nature and extent of an attorney-client conflict, the appropriate remedy is to hold an evidentiary hearing to flesh out the facts– to

---

[2] Docket No. 39.

[3] Federal Rule of Civil Procedure 59(e) allows a litigant to file a motion to alter or amend a judgment within 28 days after the entry of the judgment.

[4] Such proof may include an affidavit detailing when he turned over his supplemental brief to the prison officials, and would, ideally, include a copy of the prison's mail log.

[5] Two separate times before trial, Dixon asked to replace his counsel.  The trial court held Marsden hearings and denied each of Dixon's request.   After the denial of Dixon's first two *Marsden* motions on May 19, 2006, and June 29, Dixon's original counsel conflicted out of the case and he was provided with new counsel. On August 23, 2006, during his jury trial, Petitioner voiced complaints about his new attorney's performance. A *Marsden* hearing was held and Dixon's motion was denied.  This Court must defer to the trial court's conclusions that no conflict existed as of these hearings.

[6] *Cullen v. Pinholster*, 563 S.Ct. ----, 2011 WL 1225705, *8 (April 4, 2011).

determine whether the conflict amounted to a constructive denial of counsel.  However, because *Pinholster* limits § 2254(d)(1) review to the record that was before the state court, it effectively overrules *Schell*.[7]  The majority in *Pinholster* is silent regarding whether review is limited to the state-court record when a petitioner's inability to develop the facts supporting his claim was the fault of the state court itself– the exact situation apparently alleged in this case.[8]  Although the majority does not speak to this issue, the opinion could be construed to foreclose evidentiary hearings, even when the state court prevents a defendant from developing facts to support a claim.  In her dissent, Justice Sotomayor raises this issue and assumes that this was not the majority's intent.  It is unclear whether Justice Sotomayor's supposition has the support of the majority but it seems that common sense supports her view.  In any event, if a significant breakdown in the attorney client relation existed and the state court refused to allow Dixon to develop the record on this matter, then Dixon is entitled to a remedy, i.e. this Court can either

---

[7] In *Pinholster*, the majority noted that evidentiary hearings may only be held pursuant to 28 U.S.C.A. § 2254(e)(2), which reads:
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>> (A) the claim relies on--
>>> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Dixon appears unable to meet this standard for two reasons– Dixon has not alleged a single fact that would allow this court to conclude that no reasonable factfinder would have found the applicant guilty of the underlying offense, therefore he cannot meed the burden of §2254(e)(2), and; the factual predicate for this claim *had been discovered* by Dixon, but was not properly *developed* by the state courts.  Dixon should address this problem.

[8] *Pinholster*, 2011 WL 1225705 at 26 n.5 (J. Sotomayor, dissenting) ("I assume that the majority does not intend to suggest that review is limited to the state-court record when a petitioner's inability to develop the facts supporting his claim was the fault of the state court itself.").

3

hold a hearing in federal court or consider sending it back to state court for a hearing.  Dixon should initially brief the appropriate remedy, paying special attention to the holding in *Pinholster*.

After reviewing the docket, it appears that Dixon is in the process of appealing this Court's decision.  This Court did not issue a Certificate of Appealability ("COA")  in this case and as of the date of this order, the Ninth Circuit has not issued one.  Thus, because the Ninth Circuit has not taken jurisdiction over this case by issuing a COA and this Court is treating Dixon's motion at Docket No. 39 as a timely motion to reconsider, this Order is appropriate.

**IT IS HEREBY ORDERED THAT** no later than July 6, 2011, the Petitioner, Clarence Dixon, shall submit the following:

- His original affidavit, along with proof that it was timely filed to begin with, and;
- A memorandum regarding the effect the alleged threats had on his relationship with his counsel and how they affected counsel's ability to adequately represent him.  Dixon should also note when this conflict arose.  Dixon should also brief the appropriate remedy, paying special attention to the holding in *Pinholster*.

After reviewing Dixon's filings, this Court will order Respondent to submit a reply if it is necessary and appropriate.

Dated: June 1, 2011.

                                                 /s/ James K. Singleton, Jr.
                                            **JAMES K. SINGLETON, JR.**
                                              United States District Judge