IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE HENRY DIXON,<br><br>                Petitioner,<br>    vs.<br>JAMES A. YATES,<br><br>                Respondent. | Case No. 2:09-cv-00513-JKS<br><br>ORDER<br>RE: MOTION AT DOCKET NO. 39 |

      Construing Dixon's motion at Docket No. 39 liberally, this Court decided to treat the motion as a Motion to Reconsider this Court's Memorandum Decision, filed pursuant to Federal Rule of Civil Procedure 59(e).[1] Dixon has filed his affidavit detailing his dispute with counsel and the nature of the threats made by counsel.[2] Dixon claims that his counsel, John Panerio, acted improperly by informing Dixon that he may not be able to continue to represent Dixon if Dixon continued to speak badly about Panerio's private investigator. Dixon next claims that Panerio tried to persuade Dixon not to testify because he is a "black male" who had a "drug problem."

      Neither of these statements constitute threats and certainly do not rise to the level of creating an irreconcilable conflict such that Dixon was denied his Sixth Amendment right to

---

[1] In his Petition, Dixon argued that his relationship with his counsel deteriorated, and the breakdown lead to serious threats by counsel toward Dixon. This Court observed that no state court ever addressed the nature and extent of the alleged threats and ordered Dixon to submit an affidavit detailing what, if any, threats were made. This Court never received Dixon's affidavit and on March 24, 2011, entered a Memorandum Decision denying Dixon's claims. Shortly thereafter Dixon filed a Motion for Entry of Default (Docket No. 39), alleging that the Respondent had failed to reply to his supplemental memorandum and claiming that he was entitled to judgment. However, as noted, this Court, and apparently the Respondent, never received a supplemental memorandum from Dixon.

[2] Docket No. 45.

counsel.[3]  In fact, Panerio seemed concerned about Dixon's conflict with his private investigator and informed Dixon that if the conflict escalated it might affect his ability to represent Dixon. Panerio's statement concerning Dixon's race and drug problem were also not threats.  Rather, it is apparent that Panerio was concerned that the jury would not find Dixon credible and was advising him not to testify.  Informing a client of the possible or likely consequences of his or her decision to testify does not constitute a threat.

The record in this case reveals that the conflict, to the extent it existed, was not so great that it had resulted in a total lack of communication preventing an adequate defense.[4]  The "conflict" was principally a disagreement over tactics, which normally does not support substitution of a new attorney.[5]

Since it is clear from his affidavit that Dixon is not entitled to relief, there is no need to hold an evidentiary hearing.  Dixon's Motion for Reconsideration at **Docket No. 39** is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[6]

Dated: July 12, 2011.

/s/ James K. Singleton, Jr.<br>
**JAMES K. SINGLETON, JR.**<br>
United States District Judge

---

[3] *See United States v. Williams,* 594 F.2d 1258, 1260 (9th Cir.1979) (in a direct appeal case, holding an "irreconcilable conflict" existed in an attorney-client relationship described as "a stormy one with quarrels, bad language, threats, and counter-threats.");  *United States v. Moore*, 159 F.3d 1154, 1159 (9th Cir.1998) (in a direct appeal case, holding an "irreconcilable conflict" existed where counsel failed to communicate important information to the defendant, failed to investigate the case or prepare for trial, and where the defendant threatened to sue counsel for malpractice and counsel felt physically threatened by the defendant).

[4] *See United States v. Simeonov*, 252 F.3d 238, 242 (2d Cir. 2001).

[5] *See United States v. Jones*, 482 F.3d 60, 75 (2d Cir. 2006).

[6]  *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.